UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael A. Singleton, # 344630, | ) C/A No. 2:11-1034-TLW-BHH |
| Petitioner, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Warden, Evans Correctional Institution, | ) |
| Respondent. | ) |

_____

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to the Court *pro se* by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

The Petition seeks review of a criminal conviction that was entered in Charleston County, South Carolina on January 16, 2003. It appears that Petitioner was given a probationary sentence on that conviction. While he was still serving the probationary period, Petitioner was taken into custody in 2010 for a probation violation based on the 2003 conviction. According to the South Carolina Department of Corrections (SCDC) internet website inmate locator function,

Petitioner is currently incarcerated on a five-year sentence and the "start date" on that sentence is "09/02/2010."[1] SCDC, https://sword.doc.state.sc.us/scdc-public (last consulted July 12, 2011).

Review of this Court's records discloses that although Petitioner filed numerous civil actions in this Court since the time of his January 16, 2003 Charleston County criminal conviction, this case is Petitioner's first post-conviction federal § 2254 habeas corpus action challenging the 2003 conviction. *See, e.g.*, Civil Action Nos. 8:03-7; 8:03-8; 8:10-2323; 8:10-2548. In addition to several § 1983 actions, Petitioner filed two § 2241 habeas petitions in this Court while he was still a pre-trial detainee facing the criminal charges on which the 2003 conviction was ultimately based. Civil Action Nos. 8:02-3048; 8:02-4057. Among other things, in those pre-trial habeas petitions, he claimed lack of probable cause for arrest, bad investigation, and denial of speedy trial.

In several of the some of these federal cases, this Court informed Petitioner that before he could file a valid federal habeas petition to challenge the charge then pending against him, he had to fully exhaust his state court remedies if he was later convicted. At least in the Report and Recommendation issued in Civil Action No. 8:02-4057 on December 11, 2002, this Court told him exactly what he needed to do to exhaust state remedies after any conviction: file a direct

---

[1] As stated above, this case addresses only the 2003 conviction. Nothing expressed herein should be considered applicable to the probation-violation judgment under which Petitioner is currently imprisoned. Insofar as the Petition may be liberally construed as seeking to also challenge his 2010 probation-violation judgment, this Petition would be premature. It is unclear whether or not Petitioner filed a direct appeal from the probation-violation judgment, but, if not, he can seek a belated direct appeal of the probation-violation judgment in a PCR application. *White v. State*, 208 S.E.2d 35 (1974). To seek a belated appeal from the 2010 probation-violation judgment, Petitioner should file a PCR application in the Court of Common Pleas for Charleston County within one year of the finality of that judgment. **Petitioner can obtain PCR forms from the Clerk of Court for Charleston County, or from the South Carolina Attorney General's Office, whose mailing address is Post Office Box 11549, Columbia, South Carolina 29211.**

appeal and then a PCR action and seek review of the PCR judgment if he was unsuccessul. See *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (a federal court may take judicial notice of the contents of its own records).

With respect to any post-conviction attempts to exhaust state remedies with regard to the 2003 conviction, according to the allegations contained in the Petition submitted in this case (ECF No. 1 plus attachments thereto) and from Petitioner's responses (ECF Nos. 13,14) to the Order of Show Cause (ECF No. 11),[2] it seems that Petitioner did not follow up on the information provided by this Court about exhausting his state remedies once he received his conviction in January 2003. Instead, it appears that between January 2003 and September 2007 he used quite a bit of time to filing numerous, unsuccessful § 1983 lawsuits against his trial attorney, the sheriff who arrested him, and joining fellow inmates in claiming unconstitutional conditions of confinement. *See, e.g.*, Civil Action Nos. 8:03-7(against Sheriff); 8:03-8 (against attorneys); 8:03-214 (conditions at CCDC); 8:03-213 (same, with other detainees); 3:07-3017 (same, with other detainees; complaining of lockdown). There is no indication from any of his submissions that Petitioner ever filed a state application for post-conviction relief (PCR application) in the Court of Common Pleas of Charleston County during either 2003 or 2004. *See Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977) (South Carolina's Uniform Post-Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10 *et seq.*, is a viable state-court remedy); *Patterson v. Leeke*, 556 F.2d 1168, 1170-73 (4th Cir. 1977)(same).

---

[2] Upon initial review of this case, it appeared that the timeliness of the Petition is at issue. Accordingly, Petitioner was directed to respond to an Order raising that issue in keeping with Circuit precedent. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002) .

Petitioner claims that he filed some kind of "undocketed for hearing/unresponded to" document in the Charleston County Court of General Sessions (the sentencing court) at some point after the entry of his January 16, 2003 conviction. He gives the "date of result" for this filing as "May 2003." He then claims that he filed "for further review" in the South Carolina Supreme Court in "June 2003," but that he was "denied access to the court." He does not provide copies of any documents relating to these filings; however, it appears from the allegations that Petitioner probably filed some kind of post-trial motion in his criminal case that did not toll the running of his time for appeal, and then he did not file a timely direct appeal. This is the most likely scenario because he states that he was "denied access to the court" by the South Carolina Supreme Court in June 2003. He was, in all likelihood, denied access because he missed the required filing date. Petitioner did not file a petition for writ of certiorari to the United States Supreme Court following dismissal of his direct appeal in June 2003.[3] And, he did not thereafter file a PCR case in the Charleston County Court of Common Pleas to continue his exhaustion of state court remedies. According to the allegations in the Petition, the next attempt he made to challenge the 2003 conviction was by way of an unsuccessful petition for writ of habeas corpus submitted to the South Carolina Supreme Court on November 9, 2010, which would have been during the time he was in jail pending entry of the probation violation conviction on which he is currently incarcerated. Again, he claims that he was "denied access to the court" with that filing.

---

[3] He did file an unsuccessful pleading of some type with the United States Supreme Court in 2011, after he was picked up on the probation violation charge. That filing is irrelevant to the time calculation for the § 2254 limitation as to the 2003 conviction.

4

Petitioner claims that he is "seeking 2254 release of the 2003 conviction . . ." and claims to be "attacking 2003's expired sentence solely for it's collateral result of my present imprisonment." (ECF No. 1, attachment 3 "proper-form petition').

**Standard of Review**:

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007. When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

**Analysis:**

5

The time within which a prisoner must file a federal habeas corpus petition is governed by 28 U.S.C. § 2244, which establishes a one-year statute of limitations for filing federal habeas petitions. Subsection (d) of the statute reads:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the <u>latest</u> of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

Upon initial review of the Petition submitted in this case, the issue of timeliness arose from the face of the pleading because Petitioner is seeking review of a conviction that became final in September 2004 and he submitted his Petition for filing on April 28, 2011. *See Houston v. Lack*, 487 U.S. 266, 271 (1988)(*pro se* prisoner's pleading is deemed "filed" at moment of delivery to prison authorities for forwarding to district court).  Thus, the Court issued an Order to Show

6

Cause, in which the history of Petitioner's various filings relative to his 2003 conviction in state and federal court was fully recounted and the undersigned's concern over timeliness was expressed. The applicable federal law regarding the time limitation for filing § 2254 Petitions was laid out in the Order, and the undersigned's initial analysis of the apparent timeliness problem was explained. Petitioner was directed to provide this Court with "a factual explanation to show cause why [his] Petition should not be dismissed . . ." as untimely under 28 U.S.C. § 2244(d).

In his Response, Petitioner does not object to or dispute the undersigned's recitation or analysis of his various filings in this Court or in state courts since the time of his January 16, 2003 conviction in the Charleston County General Sessions Court, nor does he seek to excuse himself or blame another person or any circumstance for his not filing a PCR application in the Charleston County Court of Common Pleas within ninety days of the rejection of his direct appeal in June 2003, which failure started the running of the § 2254 limitation period relative to his 2003 conviction. *See, e.g. Harris v. Hutchinson,* 209 F. 3d 325 (4th Cir. 2000) (direct review concludes at expiration of time for seeking certiorari from United States Supreme Court); U.S. Sup. Ct. R. 13(1) (time for filing petition for certiorari with United States Supreme Court is 90 days). Had he filed a timely PCR case, the § 2254 limitations period would have been tolled until the conclusion of that proceeding and, if Petitioner was still unsuccessful, the limitation period would have been tolled during any period while the South Carolina Supreme Court considered a timely petition for writ of certiorari seeking review of the PCR judgment. 28 U.S.C. §2244(d)(2). Instead, he seems to have given up on the state court system with respect to his 2003 conviction when he was unsuccessful in his direct appeal. He failed to pursue the two other state court remedies that were available to review his conviction: a PCR case and review of the outcome of the PCR case by the South Carolina Supreme Court. When he ended his involvement in state court in June

2003, he allowed his conviction to become final on September 28, 2003 at the latest. Then when he failed to pursue his additional available state remedies during the end of 2003 and the beginning of 2004, the § 2254 time limitation ran un-tolled under September 29, 2004, at which time it ran out unless equitable tolling applies.

As stated above, Petitioner's Response to the Order to Show Cause does not provide an excuse or cause for his failure to follow the required steps to exhaust his state remedies as to his 2003 conviction as he was directed to do. Instead, Petitioner argues the underlying validity of the 2003 conviction, claiming due process violations because of misidentification, lack of proper DNA, and lack of fundamental fairness in the process. He claims "miscarriage of justice" and "lack of due process" in the way the 2003 conviction was obtained. Then he attempts to rely on the various unsuccessful *federal* cases that he filed during the period from 2001-2003, claiming that, despite his lack of success on the merits in any of those filings, they somehow entitle "him to immediate federal equitable relief of the 2003 conviction, and invalidation of his present 2011, warranting imediate [sic] release . . . ." Unfortunately for Petitioner, it is settled that a petitioner's filing of civil rights actions in federal court does not satisfy (nor can it be substituted for) the exhaustion of state court remedies required under § 2254, and the running of the statutory time limitations for federal habeas petitions is not tolled during the pendency of such actions. *See Duncan v. Walker*, 533 U.S. 167, 173-82 (2001). Instead of filing federal cases to contest his conviction, Petitioner should have been more concerned about how he could contest it within the state courts of South Carolina.

Petitioner's Response does not require the Court to employ the doctrine of equitable tolling to save this case from summary dismissal for untimeliness. He has presented nothing that

warrants equitable tolling. In the case of *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

> Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000). As we held in *Harris,* however, rarely will circumstances warrant equitable tolling:
>
>> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
>
> Id. Principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' " *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.

339 F.3d at 246-47.

This Petition is untimely on its face and Petitioner has not presented (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing his § 2254 Petition on time. *See Rouse*. It appears that he turned his sights toward his federal cases until around April 2004 and either forgot or intentionally decided not to file a PCR application before his one-year § 2254 filing period ran in September 2004. As a result, his cannot now challenge the validity of the 2003 conviction because his claims are time-barred.

**Recommendation**:

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *with prejudice*.

Petitioner's attention is directed to the important notice on the next page.


                                      s/Bruce Howe Hendricks
                                      United States Magistrate Judge

July 13, 2011
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).